# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO.: 3:12-CR-13-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>vs.<br><br>ABDUL WHITE,<br>   Defendant. | )<br>)<br>)<br>)   __ORDER__<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Notice Of Appeal To District Court The Detention Order Entered March 27, 2012" (Document No. 66) filed by the Defendant, Abdul White, on April 8, 2012; the "Order" of Judge Max O. Cogburn, Jr. (Document No. 67) filed April 9, 2012 deeming the Defendant's filing to be a motion for reconsideration and referring that matter to the undersigned; and the "United States of America's Memorandum In Opposition. . ." (Document No. 76) filed April 26, 2012. While the procedural posture of this matter is somewhat unusual, the issue presented is not – the Defendant is seeking release on bond. After carefully considering this matter in its totality, including arguments made at a hearing on April 23, 2012, the Court will respectfully <u>deny</u> the motion.

The Defendant, Abdul White, is currently charged along with five others in a superseding bill of indictment filed April 18, 2012 (Document No. 71) with Hobbs Act robbery conspiracy, Hobbs Act robbery, and money laundering conspiracy. These charges arise from an alleged violent home invasion robbery in which guns were brandished, adult victims were restrained, and as much as $1.5 million was stolen, all in the presence of children who were present in the home. It is important to note that this Defendant was not present at the robbery, but allegedly played a role in

connecting the participants and was paid as much as $100,000 from the spoils for his coordinating efforts.

The Defendant was initially ordered detained in this case by U.S. Magistrate Judge David Cayer following a detention hearing on March 27, 2012. At that hearing, the docket reflects the Defendant proceeded *pro se*, with attorney Lucky Osho serving as stand-by counsel. The Defendant retained attorney Aaron Michel on April 4, 2012, and it was Mr. Michel who filed the motion now deemed as a motion to reconsider (Document No. 66) on April 8, 2012. At the hearing before this Court regarding the instant motion on April 23, 2012, there was some discussion about the applicable standard under the Bail Reform Act, i.e., whether the Defendant was required to show a material change of circumstances to be granted relief, but for the reasons which follow, this is not dispositive.

Whatever the applicable standard, the Court concludes that bond is not appropriate in this case. True, Mr. Michel has made some nice arguments on behalf of the Defendant. For example, the Defendant has very little prior criminal record, he is employed at a car detailing shop, and he had family and community support present in the audience at the hearing. In addition, as noted, while the Defendant faces very serious charges, he was not himself an actual physical participant in the robbery, and the government's case as forecast currently appears to rely significantly on co-conspirator testimony.

However, there is plenty to be concerned about here. Whether the Defendant was present or not, this was allegedly a violent home invasion-style robbery in which firearms were brandished, adult victims were restrained and in one case assaulted, and $1.5 million was stolen – all in the presence of children who were present in the home. The government alleges that the Defendant's role in planning the robbery was important, and he received as much as $100,000 of the spoils, albeit

money that has not been recovered. The presumption of detention arises from these serious charges as to all the defendants, regardless of their role, and currently all six defendants are detained.

The government also asserts that the Defendant essentially attempted by his actions to evade or delay arrest, and together with his girlfriend, engaged in what amounted to a stand-off with authorities at the time and site of his arrest. Albeit before Mr. Michel entered his case, the Defendant defiantly suggested at a prior court proceeding that the Court had no authority over him, and he had an apparently unlicensed lawyer making filings on his behalf. Less important, but worth noting, the Defendant failed to appear for court on one occasion in a 2009 traffic case in North Carolina District Court.

In the end, even if this matter were on for a *de novo* determination of bond, the Court would order Mr. White detained. In the judgment of the undersigned, the Defendant simply has not overcome the presumption of detention in this case.

**TT IS THEREFORE ORDERED** that the motion deemed by the Court to be a motion to reconsider bond (Document No. 66) is hereby **DENIED**. The Defendant shall remain detained pending further proceedings in his case.

Signed: May 10, 2012

David C. Keesler
United States Magistrate Judge