UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00375-MOC
And
DOCKET No. 3:12cr13-5-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ABDUL WHITE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Applications for Writ [*Ad Testificundum*] (#17 in 3:12cr375 and #296 in 3:12cr13).[1] Defendant seeks to writ his co-defendant, Osman White, from federal custody so that such witness may "testify as to the nature and circumstances surrounding the defendant's actions at the times relevant to this Court's determination of the relevant conduct in this matter." Motions at 1. Review of defendant's objections to the Initial Pretrial Report indicates that he may be seeking a downward variance based on his personal characteristics and his offense conduct. Elsewhere in his objections, defendant appears to argue that such variance or a reduction in offense conduct is warranted as a number of the enhancements for conduct not known to him or reasonably foreseeable to him.

Application Note 10 of USSG §1B1.3 states that in the case of "Accessory After the Fact" (the offense to which defendant pled guilty), the defendant should be held accountable "for all conduct relevant to determining the offense level for the underlying offense that was known,

---

[1] Due to timing of the sentencing hearing and the discretionary nature of the relief sought, the court has not awaited a response from the government. As this is not a pre-trial motion, L.Cr.R. 47.1, no consultation with the opposing party is required.

1

or reasonably should have been known, by the defendant." As it now appears, the "Accessory After the Fact" to which defendant pled was related to an armed robbery, and that defendant agreed to assist co-defendant Roderick Hardin in distributing funds to various parties after the offense. In asserting that defendant should be accountable for all conduct relevant to the underlying offense, Pretrial Services proffers in the First Final PSR (#10) that the persons to whom such funds were distributed (or their designees) were intimately involved in the planning and commission of the underlying violent offense and that such persons had maintained a relationship with this defendant, and that based on these relationships and actual distribution of funds to one of the planners of the offense, defendant either knew or reasonably should have of the conduct that comprised the underlying offense. First Final PSR (#10) at 13-14.

The court can see how counsel for defendant could argue at sentencing that the justification for applying such sentencing enhancements is a circular argument requiring testimony as to: (1) the nature of the relationship; and (2) what defendant herein actually knew when he became an accessory after the fact. See also Sealed Sentencing Memorandum (#16). Review of the Second Final PSR (#13) reveals a predicted Guidelines Range of 57-71 months. Defendant argues that if his objections are sustained by the court, he may be able to secure a downward variance to a sentence of time served.

***

The decision as to whether to issue a writ *ad testificundum* for purposes of presenting evidence at a sentencing hearing is a discretionary one. Inasmuch as the writ substitutes as a subpoena for a person in custody, [cite], the court looks to Rule 17(b), Federal Rules of Cirminal Procedure, which provides that for an indigent defendant, "the court must order that a subpoena be issued … if the defendant shows … the necessity of the witness's presence for an adequate

2

defense." Fed.R.Crim.P. 17(b). Based on Pretrial Services' rationale for inclusion of such enhancements, the court finds that the testimony of the proposed witness is necessary for an adequate defense in this matter.

Finally, the court finds that such application is timely under Local Criminal Rule 17.3(ii) as it was made the day after the hearing was noticed. To the extent such request has not been filed at least 14 days before the hearing as provided by Local Criminal Rule 17.3(ii), the court finds good cause for honoring such request as the presence of the witness appears necessary to an adequate defense and, when balanced against such right, his production would not cause undue hardship as the witness appears to be housed within the Charlotte Division.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Writ *Ad Testificundum* (#17 in 3:12cr375 and #296 in 3:12cr13) are **GRANTED,** and the writ is issued simultaneously herewith.

The Clerk of Court is directed to send a courtesy copy of this Order and the Writ *Ad Testificundum* to trial/appellate counsel for Osman White in 3:12cr13-1, Anthony G. Scheer (tscheer@rsfmlaw.com).

The Clerk of Court is directed to send a copy of the Writ *Ad Testificundum* to the United States Marshal.

Signed: 2/18/2014

Max O. Cogburn Jr.
United States District Judge